IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00511-BNB

ALBERT M. GRAHAM,

     Plaintiff,

v.

THOMAS C. FISHER, M.D., (in his personal and professional capacity),
CARMEN MEYER, M.D., (in his/her personal and professional capacity),
ANDREA WHITE, P.A., (in his/her personal and professional capacity),
MARYBETH KALAMEYER, P.A., (in his/her personal and professional capacity),
PAULA FRANTZ, M.D., (in his/her personal and professional capacity), and
PHYSICIANS HEALTH PARTNERS,

     Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Albert M. Graham, is a prisoner in the custody of the Colorado Department of Corrections at the Four Mile Correctional Center in Cañon City, Colorado.  Mr. Graham initiated this action by filing *pro se* a civil rights complaint.  On March 26, 2012, Mr. Graham filed an amended complaint using the proper Prisoner Complaint form.  He asserts claims pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated.

The court must construe the Prisoner Complaint liberally because Mr. Graham is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Graham will be ordered to file a second amended complaint if he wishes to

pursue his claims in this action.

The Court has reviewed the Prisoner Complaint and finds that the Prisoner

Complaint does not comply with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing

parties fair notice of the basis for the claims against them so that they may respond and

to allow the court to conclude that the allegations, if proven, show that the plaintiff is

entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American*

*Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of

Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications*

*Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d

1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1)

a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and

plain statement of the claim showing that the pleader is entitled to relief; and (3) a

demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1),

which provides that "[e]ach allegation must be simple, concise, and direct."  Taken

together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity

by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Graham asserts three claims for relief in which he alleges that he has been

denied proper medical treatment.  However, Mr. Graham fails to provide a short and

plain statement of each of his claims showing that he is entitled to relief because he fails

to identify clearly which Defendant or Defendants he is asserting each of his claims

against and he fails to allege specific facts that demonstrate how each of the named

Defendants personally participated in the asserted claims.  Mr. Graham does make a

2

vague reference to Defendant Thomas C. Fisher in his first claim, but he makes no allegations against any other Defendant in any of the claims.  Furthermore, the vague reference to Defendant Fisher does not provide a clear statement of the claim Mr. Graham is asserting against him.  Therefore, Mr. Graham will be ordered to file an amended complaint that provides a short and plain statement of each claim he is asserting if he wishes to pursue his claims in this action.

In order to state a claim in federal court Mr. Graham  "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Section1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. Graham should name as Defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Because it appears that Mr. Graham may be naming a supervisory official as a

3

Defendant, the Court also emphasizes that personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Graham must show that each Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  With respect to supervisory officials, a Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.  Accordingly, it is

ORDERED that Mr. Graham file, **within thirty (30) days from the date of this order**, a second amended Prisoner Complaint that complies with the pleading

4

requirements of Fed. R. Civ. P. 8(a) as discussed in this order.  It is

      FURTHER ORDERED that Mr. Graham shall obtain the court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.  It is

      FURTHER ORDERED that, if Mr. Graham fails to file a second amended

Prisoner Complaint that complies with this order within the time allowed, the action will

be dismissed without further notice.

      DATED April 26, 2012, at Denver, Colorado.

                       BY THE COURT:

                        s/ Boyd N. Boland_____
                       United States Magistrate Judge